**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**FLORIDAN HOTEL OF TAMPA, INC., Respondent.**

No. 19029.

United States Court of Appeals
Fifth Circuit.

March 9, 1962.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Dominick L. Manoli, Assoc. Gen. Counsel, N. L. R. B., Hans J. Lehmann, Atty., Stuart Rothman, General Counsel, Melvin Pollack, Atty., N. L. R. B., Washington, D. C., for petitioner.

L. Robert Frank, Tampa, Fla., Allen, Dell, Frank & Trinkle, Tampa, Fla., for respondent.

Before JONES, WISDOM and GEWIN, Circuit Judges.

JONES, Circuit Judge.

The National Labor Relations Board has found that the respondent, Floridan Hotel of Tampa, Inc., is in violation of Section 8(a) (1) of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. 130 N.L.R.B. No. 110. The respondent operates a 345-room, 19-story hotel in the downtown area of Tampa, Florida, with a dining room, bar and banquet rooms. It entered into a collective bargaining agreement on February 2, 1960, with a local of the Hotel & Restaurant Employees and Bartenders Union. Of the approximately 130 employees, about 110 were members of the union. The respondent furnishes uniforms to bellboys, doormen, passenger elevator operators and maids, and bartenders are furnished with jackets. The waitresses are required by the union contract to supply their own uniforms which are standard hotel uniforms of white nylon. On April 1, 1960, the respondent posted on its bulletin boards and then or thereafter distributed to some of its employees the following:

"BULLETIN

"A number of guests have called to the attention of the Management that many employees are wearing union badges during working hours and on uniforms.

"We do not feel that it lends to the dignity of our Hotel for employees to openly display badges of any sort, whether it be a union badge, lodge, or what have you.

"Therefore, there is hereby established a rule that no badges of any kind will be worn by any employee so that they may be seen by any customer or guest.

"MANAGEMENT
HOTEL FLORIDAN."

There was some absence of employee compliance with the rule, and management and supervisory personnel directed a number of employees to remove their pins or suffer the consequences. The union brought an unfair labor practice charge which the Board sustained by the entry

of its order to cease and desist from promulgating and maintaining a rule prohibiting its employees from wearing union buttons or insignia, and from threatening to discharge or discipline the employees for violation of such rule. The order contained a "like or related" clause and the customary requirement for the posting of a notice.

The Board's determination in a representation case that the respondent is engaged in commerce [1] was not questioned and it is here stipulated that the respondent is engaged in commerce within the meaning of the Act. We are therefore relieved from any inquiry on the jurisdictional question of the application of the statute to the employer.

There was evidence on behalf of the union that the pins were issued to union members as a part of the organizational effort to increase the percentage of union members among the employees. There was evidence given by the President of the respondent corporation that a guest of the hotel called attention to the union buttons and that the management felt the wearing of the buttons by the employees in frequent contacts with guests was not dignified. He also testified that the rule was intended to apply only to employees who meet the public and in public areas. The rule was invoked with respect to doormen, bellboys, bartenders, waitresses, cashiers and maids, whose work kept them in contact with the public. It appeared also, that the rule was enforced against a glass washer, the freight elevator operator, the trashman, kitchen help and engineers, whose contacts with guests were so infrequent as to be almost negligible.

In his report the Examiner discussed the right of employees in shops and factories to wear a union pin but stated that the right of a union member to wear insignia of his membership was not unqualified. It was the Examiner's finding that the rule was adopted in an attempt to dissipate the union's majority within the bargaining unit. The Board rejected this finding as being unsupported by the evidence. Although expressly rejecting the only finding of the Examiner of an intent on the part of the respondent to interfere with the protected rights of the employees, the Board concluded that the rule was broader than the claimed purpose and hence the respondent should cease and desist from maintaining the rule in effect. From the decision of the Board we quote:

"Like the Trial Examiner, we find that the rule was broader than Respondent's claimed or stated purpose in that it prohibited all employees from wearing union buttons or insignia while at work in the Respondent's hotel, regardless of their contact with customers or guests. The rule was thus applicable in instances which lacked the special circumstances claimed by the Respondent as making the rule necessary. We, therefore, find in agreement with the Trial Examiner that the promulgation of this broad rule and the implementation thereof with threats of discharge or of other penalty interfered with, restrained and coerced the employees in the exercise of their rights under Section 7 of the Act and thus violated Section 8(a) (1) of the Act. We need not consider, however, whether a different rule which would cover only those employees who are in continuous and daily contact with the public would also be violative of Section 8(a) (1) of the Act. Contrary to our dissenting colleague, our order herein is designed solely to prohibit the Employer's use of a broad rule prohibiting all employees, whether or not in contact with the public, from wearing union buttons."

The dissenting colleague gave expression to his views in this language:

"Member Kimball disagrees with the breadth of the Order entered herein as he would find not violative of the Act that portion of the Re-

spondent's rule which forbids the wearing of union buttons by employees who are in continuous and daily contact with the public. As the Board expressly disavowed and did not pass upon the question of whether a rule applicable to the wearing of union buttons by employees who are in continuous and daily contact with the public would be violative of the Act, the Order as presently phrased is too broad. It would encompass a rule applicable to such employees and as it thus goes beyond the scope of the findings and decision in the case, it exceeds the Board's statutory authority in the premises."

We agree that the order, based upon the Board's findings, is too broad.

█ █ The Board states that the rule prohibited all employees from wearing union buttons or insignia while at work in the respondent's hotel. The rule recites that guests have called attention to the wearing of union badges; it states the conclusion that badges should not be openly displayed, and prohibited the wearing of badges where they may be seen by a customer or guest. This rule does not, by its terms, prohibit the wearing of buttons or badges where they may not be seen by customers or guests. It would not prohibit the employee from wearing his union badge in the furnace room, on the freight elevator or in the kitchen if, as the Examiner and the Board conclude, the employees while in those places are not to be seen by guests or customers. Thus under the findings, we think the Board's determination that the rule prohibited the wearing of union insignia by all employees while at work in the hotel is unsupported. The proper order, and one which would be fully justified by the findings, would direct the respondent to cease and desist from prohibiting the wearing of union insignia by employees whose duties did not bring them into regular and frequent contact with the guests and customers of the hotel.

Both the Examiner and the Board recognize that the right of employees to wear a union badge while at work does not exist under all circumstances and all conditions. If this is not a case where the employer has a right to prohibit the wearing of the badge by employees who are in contact with the public, then any rule prohibiting the wearing of a small neat button, such as is the union insignia here, might be regarded as violative of the Act. The Board expressly refrained from deciding this question. Since it has not passed upon the question, we do not consider it. We think the Board should have the opportunity of deciding the question if it sees fit to do so.

The matter will be remanded to the Board for its further consideration and the entry of such other order as it may deem appropriate. On the record before us we deem the present order too broad and its enforcement will be denied.

Enforcement denied.